Mario DeMarco, ESQ.
**Law Offices of Mario DeMarco, PC**
1 Gateway Plaza, 2nd Floor
Port Chester, NY 10573
(914)937-2213
**Attorney for Plaintiffs**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
THOMAS CORBIA AND GINGER CORBIA ,

Case No.

Plaintiffs

**COMPLAINT**

-against-

PORT CHESTER-RYE UNION FREE SCHOOL DISTRICT, PORT CHESTER- RYE UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION,Dr. Eduard Kliszus, Chrissie Onofrio, Luigi Russo and Christopher Wolf,

Defendants.
---------------------------------------------------------------------X

Plaintiffs, THOMAS CORBIA AND GINGER CORBIA, by and through their attorneys, Law Offices of Mario DeMarco, PC, as and for their Complaint against Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This action is brought to vindicate the Constitutional rights of Thomas Corbia ("Corbia") who was duly elected by the people of Port Chester, New York to serve on the Board ("Board") of Education, Village of Port Chester and who was appointed as

by the FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMANTS to the United States Constitution and the Constitution of the State of New York.

2. This action arises out of the gross-misconduct of the Defendants in illegally and improperly initiating and conducting a bogus investigation of Corbia ( the "Investigation"). The purported and official purpose of the Investigation was due to "racist" Facebook posts by Corbia.

3. In reality the investigation was nothing but a pretext to settle personal vendetta, sully the reputation of Corbia and remove him as President of the Board as a way of imposing their political views and removing a political opponent. Set up in the media frenzy surrounding the George Floyd case, the board sought to punish, remove and prosecute Corbia

4. It s clear that the investigation an removal of Corbia was purely political that the gravamen of the prosecution and process morphed from an investigation regarding a Facebook post, to an investigation regarding "pecked" information to change of failure to cooperate with the illegal process.

5. The gross misconduct is a violation of Corbia's constitutional rights pursuant to the FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMANTS to the United States Constitution and has caused Corbia and his wife, Plaintiff Ginger Corbia, severe emotional distress , economical loss and /or other serious harm, for which the Plaintiffs sech to recover danger of not less than Seven Million Five Hundred Thousand ($7,500,000.00) Dollars.

## THE PARTIES

6. Plaintiff Thomas Corbia is an individual residing at 365 Putnam Avenue, Port Chester, New York.

7. Plaintiff Ginger Corbia is and has been at all relevant times, married to Thomas Corbia, and resides at 365 Putnam Avenue, Port Chester, New York.

8. Upon information an belief the Defendant Port Chester-Rye Union Free School District is a public entity in the State of New York duly organized under the laws of the State of New York under the provisions of the Public Education Law to provide education in public schools within the district.

9. Upon information and belief Defendant Port Chester-Rye Union Free School District Board of Education is a comprehensive board of education with offices at 113 Bowman Avenue, Rye Brook, New York 10573.

10. Upon information and belief , Defendant Dr. Edward Kliszus is a natural person who resides at 321 East 43rd Street, Apt 1112, New York, NY 10017. At all times herein described, Dr. Kliszus was an employee of Defendant Port Chester- Rye Union Free School District.

11. Upon information and belief , Defendant Crissie Onofrio is a natural person who resides at 13 TOWER Hill Drive, Port Chester, New York 10573.

12. Upon information and belief , Defendant Luigi Russo is a natural person who resides at 38 Hobert Avenue, Port Chester, New York 10573.

13. Upon information and belief , Defendant Christopher Wolf is a natural person who resides at Alden Terrace, Port Chester, New York 10573.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sec 1331 (a). This case involves a federal question.

15. Thos Court has pendant jurisdiction over any State law claim.

16. Venue in this district is proper pursuant to 28 U.S.C. 1391 (a).

## FACTS COMMON TO ALL CAUSES OF ACTION

17. Corbia had served as a Port Chester School Teacher and Coach from 1971 until 2011. He was a Board Member from 2012 to 2015 and then 2017 until 2021. He was removed from office by the Board on April 14, 2021. The vote to remove was along

party lines . Only Democrats voted to remove Corbia. Corbia is a Republican. Anne Capeci, now deceased, voted against removal. Anne Capeci was a Republican. Previous to his removal, Corbia was beloved an respected in the community.

18. During the period and dates relevant to the case herein, the United States was experiencing substantial social unrest and earnest political debate due to George Floyd case. Tensions were heightened, particularly regarding the issues of race.

19. Defendant Dr Eduard Kliszus was the Superintendent of Schools.

20. Defendant Chrissie Onofrio was a member of the Port Chester School Board of Education .

21. Defendant Luigi Russo was a member of the Port Chester School Board of Education

22. Defendant Christopher Wolf was a member of the Port Chester School Board of Education.

23. On September 18, 2020, Dr. Edward Kliszus made an accusation and filed charges against Corbia to the School Board Ethics Committee, accusing Corbia of commenting upon or forwarding to other individuals two (2) Facebook Posts.

24. On or about September 18, 2020 the Ethics Committee of the Poort Chester-Rye Union Free School District Board of Education convenes and recommends to the School Board to retain a forensic investigator to search Corbias's electronic devices.

25. On September 22, 2020 pursuant to executive session meeting and discussions, the Board hires T&M Protection Resources, LLC ("T&M") to conduct an "investigation" of Corbia.

26. On September 29, 2020, the Board hires a private law firm to assist and direct the "investigation".

27. On November 11, 2020 the Ethics Committee issues its report. The report was inconclusive and the Committee determines that the matter is returned to the Board for further action.

28. On December 15, 2020 the T&M issued their report. The report reached no conclusion of wrong-doing but rather blamed Corbia for his lack of cooperation.

29. On February 8, 2021, the Board appointed a hearing Officer to prosecute Corbia for misconduct pursuant to Section 1709 of the New York State Education Law.

30. On March 23, 2021, after several days of evidence and testimony, the hearings concluded. On March 26, 2021 the hearing officer issued his report and opinion and recommended removal.

31. On April 24, 2021, the Board voted , along party lines, to remove Corbia from his duly elected office.

32. The initial accusation was regarding two Facebook posts, alleged to have been made by Corbia.

33. The Stated reasons for removal were "failure to cooperate with the investigation" and "disclosure of confidential information to an unauthorized third party". No where in the reasons for removal was any mention made of the Facebook posts.

**COUNT I**

**(Violation of 42 U.S.C Section 1983)**

34. Plaintiffs repeat and reallege each an every allegation set forth in Paragraphs "1" through "34" as it fully set forth herein.

35. Upon information and belief, the Investigation of Corbia was conducted by Defendants in order to, among other things, retaliate against Corbia for his stated views and positions and because he is an Republican and because he had taken disparate and differing views on Board business and issues including the opposition to the One World program and various budgetary issues and the termination of recording instructors, all positions fervently supported by the Democrats and opposed by Corbia.

36. Defendant's investigation, prosecution and removal of Corbia were motivated by personal animus. Defendants commenced the investigation and referral to the ethics Committee based upon an alleged Facebook post.

37. Said Facebook post was not made by Corbia and even if forwarded, as alleged, it was not done on any electronic device owned, controlled or operated by the School District, was not done on School grounds or on School or School Board time

38. The subject speech contained in any Facebook post was not illegal speech and was therefore protected speech.

39. The investigation was only commenced because of the Facebook post. As such the investigation, prosecution and removal of Corbia was unconstitutional as violative of his protected rights pursuant to the First Amendment to the United States Constitution. ("First Amendment").

40. The entire process was therefore void ab-initio. The Defendants, knew, or should have known that proceeding upon the initial complaint would violate the First Amendment.

41. The Defendants then conducted an investigation and hearings, and in bad faith, perverted the judicial process by creating a burden upon Corbia to prove his innocence.

42. The Defendants sought to compel Corbia to "cooperate" in providing evidence of removable behavior against himself and when he did not, thereby exercising his rights against illegal searches and seizures, against self-incrimination the right to communicate with counsel, the Defendants used this as a basis to conduct hearings and ultimately remove Corbia from office.

43. In fact, Corbia did nothing wrong. He cooperated with the Ethics Committee, meeting in person with them and offering to turn over his phone. While he did not attend the hearings conducted by the hearing officer, he did appear through counsel.

44. The Defendants violated Corbia's rights pursuant to the FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMANTS to the United States Constitution by removing him from Office based upon a "failure to cooperate" with the investigation.

45. Since the investigation was void ab-initio and even if it was not, Corbia had no obligation to provide evidence.

46. The Defendants also alleged that on November 16, 2020 Corbia forwarded the report of the Ethics Committee to an unauthorized third party.

47. Upon information an belief, the email was not forwarded to an unauthorized third party

48. On November 17, 2020, the Board released the exact same report to the public.

49. In so using the "unauthorized third party" theory and therefore using same as a basis to remove him, the Defendants violated Corbia's rights under SIXTH Amendment to the United States Constitution , i.e., the right to counsel and the right to communicate with counsel.

50. A lawyer representing a party in a legal or quasi-legal proceeding cannot be considered an "unauthorized" third party as the attorney is an Officer of the Court and bound by attorney-client privilege.

51. It was never alleged that any communication went beyond Corbia and his attorney.

52. The investigator, ethics Committee conduct and hearing, and removal proceedings were conducted maliciously and in bad faith to harm and punish Corbia, and to remove a political rival from duly elected office, subverting the law and the will of the voters.

53. As a result of Defendants' willful and outrageous conduct, Plaintiffs have suffered extreme mental distress and physical injury, suffered injury to their reputation, loss of office and incurred legal fees and other costs and expenses.

54. By virtue of the foregoing, Corbia has been damaged in an amount to be determined at trial, but reasonably believed to be not less than $7,500,000.00 plus interest thereon and reasonable attorneys' fees and costs.

55. Defendants conduct was wanton, willful and conducted in reckless disregard for the well being of Corbia, Corbia entitled to punitive damages in an amount to be determined at trial, but not less than $7,500,000.00

**COUNT II**

**Conspiracy in Violation of 42 U.S.C. Section 1983**

56. Plaintiffs repeat and reallege each an every allegation set forth in Paragraphs "1" through "55" as it fully set forth herein at length.

57. Upon information and belief, Defendants acted in concert with each other the achieve their ultimate goal; removing an political opponent from office.

58. Upon information and belief, Defendants determined together to conduct the investigation , hold hearings and remove Corbia from Office.

59. Defendant's concerted and coordinated actions, directed solely against Corbia, violated the Plaintiffs' FIRST FOURTH, FIFTH, SIXTH AND FOURTHEEN AMENDMANT rights.

60. The investigation, hearings and removal would not have occurred but for the fact that Corbia was a Republican.

61. The Defendants' committed privately and outside public meetings, conducted executive session meetings all in further case of the illegal investigation and removal proceedings.

62. By virtue of the foregoing, Corbia has been damaged in an amount to be determined at trial, plus interest thereon and reasonable attorney's fees and costs.

63. Defendants' conduct was wanton, willful and conducted in reckless disregard for the well being of Corbia, Corbia is therefore entitled to punitive damages to be determined at trial, but not less than $7,500,000.00.

## COUNT III

## Negligent Infliction of Emotional Distress

64. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs "1" through "63" as it fully set forth herein.

65. Defendants in approving and conducting and authorizing the investigation prosecution and removal of Corbia, breached a duty owed to Corbia, third co-board member.

66. Defendants' conduct in taking the complaint of Dr. Kliszus and proceeding thereon, were negligent reckless, malicious and therefore breached the duty owed to Corbia and violated their oath of office.

67. Defendants authorization and conduct and publication of defamatory an libelous statements referring to Corbia as a "racist" caused protesters to appear at Corbia's home and caused Corbia to fear for his safety.

68. As a result of the extreme emotional distress caused by the investigation, prosecution and removal of Corbia, Corbia experienced illness and injury.

69. Defendants' conduct was negligent and reckless. The Defendants knew, or should have knew, that proceeding in this manner was a violation of Corbia's constitutional rights.

70. By virtue of Defendants negligence and reckless inflection of emotional distress upon Corbia, Corbia has been damaged in an amount to be determined at trial, but reasonably believed to be not less than $7,500,000.00 plus interest and reasonable attorney's fees.

**COUNT IV**

**(Loss of Consortium)**

71. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs "1" through "70" as it fully set forth herein.

72. As a result of Corbia's injuries, Plaintiff Ginger Corbia has been deprived of and will continue to be deprived of the society and companionship of Thomas Corbia, and has been and will be, compelled to, incur expenses in employing others to perform such services.

73. By virtue of the Loss of consortium Ginger Corbia is entitled to damages in an amount to be determined at trial, but reasonably to be not less than $7,500,000.00, plus reasonable attorney's fees, cost & expenses.

74. Because Defendants' conduct was wanton, willful and conducted in reckless disregard, Ginger Corbia is entitled to punitive damages in an amount to be determined at trial, but reasonably to be not less than $1,000,000.00.

## DEMAND ON TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues in this action.

## PRAYERS FOR RELIEF

WEREFORTE, Plaintiffs respectfully pray that the Court award the following relief.

A. Compensatory damages in an amount to be determined of trial, and

B. Punitive damages in an amount to be determined at trial; and

C. An award of attorney's fees, expenses and costs pursuant to 42 USC S. 1983 & 1988; and

D. Such further and offer relief as to this Honorable Court is just , fair, proper and equitable.

Dated: September 15, 2023
Port Chester, New York

Respectfully submitted,

By: ______________________

Mario DeMarco, ESQ.
Attorney for Plaintiffs
1Gateway Plaza, 2nd Floor
Port Chester, New York 10573
(914)937-2213